J. Burke WILKINSON et al., Appellants,

v.

Roderick R. ALLEN et al., Appellees.

No. 16200.

United States Court of Appeals District of Columbia Circuit.

Argued April 12, 1961.

Decided June 15, 1961.

**160**

———◆———

Mr. Sturgis Warner, Washington, D. C., with whom Mr. Harold H. Tittmann, III, Washington, D. C., was on the brief, for appellants.

Mr. John L. Laskey, Washington, D. C., with whom Mr. Dyer Justice Taylor, Washington, D. C., was on the brief, for appellees.

Before BAZELON, WASHINGTON, and BURGER, Circuit Judges.

## PER CURIAM.

Appellants contracted to buy a house and lot from appellees and made a deposit of $6,000. Subsequently, appellants, having refused to go through with the purchase, brought this suit to recover their deposit, contending that appellees "failed to convey the property free of encumbrances" in that the location of the house upon its lot was in violation of a restrictive covenant.

The pertinent covenant provides that only one dwelling house shall be "erected, maintained or suffered to remain" upon each described parcel of a subdivided tract. Appellees bought two adjacent parcels, and later redrew the line separating them so that one parcel became somewhat larger than the other. On this larger parcel is situated the house built by appellees; it is this house and lot which they contracted to sell to appellants. The smaller parcel had earlier been deeded by appellees to a Dr. Moretti, who had built a house on it. There were thus two houses on two parcels—no more than the number contemplated by the covenant. Appellants' contentions are based on the fact that appellees' house is not wholly contained in one of the original parcels: a corner of its porch is intersected by the original dividing line between the parcels, though not by the line as redrawn by appellees. No part of appellees' house lies within or on the land sold to Dr. Moretti. In this situation appellants contend that the restrictive covenant has been violated, entitling them to rescind the contract of sale and recover their deposit.

The District Court concluded, *inter alia,* that even if the covenant had been violated, "the plaintiffs' [appellants'] objection to the title offered by the defendants [appellees] Allen was a trivial objection, did not, within the range of reasonable probability 'expose them to the hazards of future litigation * * *,' *and did not affect the marketability of the title to such property."* Under all the circumstances of the case, we find no reason to disagree.[1] The judgment of the District Court is

Affirmed.

---

1. We note in particular that appellants do not challenge the finding by the District Court that "[t]he District Title Insurance Company, being fully aware of the use made of the land in question by Dr. Moretti and by the defendants [appellees] Allen, offered to plaintiff its full coverage title insurance policy."